# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MIN LI,

    Petitioner,

v.                                                                              No. 2:26-cv-357-WJ-JFR

DORA CASTRO, Warden of Otero County Processing
Center;
KRISTI NOEM, Secretary, United States Department of
Homeland Security,
PAMELA BONDI, Attorney General of the
United States;

    Respondents.

## ORDER DENYING PETITIONER'S
## MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court upon Petitioner Min Li's Motion for a Temporary

Restraining Order ("TRO") **[Doc. 5]** ("Motion")[1]. The Court denies the Motion.

Petitioner filed his Motion on March 2, 2026.  **[Doc. 5].**  The entire Statement of Facts in

support of the Motion states as follows:

> "Petitioner entered the United States on or about January 31, 2024. *See*
> Petition for Writ of Habeas Corpus ("Pet'n") ¶ 16. Upon information and
> belief, Petitioner was briefly detained for one day and then released from
> detention. *See id*. ¶ 17. Petitioner was released by DHS under INA section
> 236, and served with a Notice to Appear ("NTA"), which designated him
> as "an alien present in the United States who has not been admitted or paroled"
> and charged him with removability pursuant to section 212(a)(6)(A)(i) of the
> Immigration and Nationality Act ("INA") as an "alien present in the United

---

[1] The Court notes that the filing was actually submitted as "Notice of Motion for Temporary
Restraining Order . . .".  The rules of practice in New Mexico require that any request for relief
be filed as a "motion" rather than as a "notice."  *See* D.N.M. LR-Civ. 7.  A filing that is not
properly titled as a "motion" may not be docketed as a motion and may not alert the Court to the
pendency of the motion, delaying resolution of the case.

States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *See id.* ¶ 18.

Petitioner has continuously resided in the United States since February 1, 2024. *See id.* ¶ 18. Petitioner does not have any criminal history. *See id*. Petitioner suffers from a medical condition, specifically gouty arthritis, which requires him to maintain a stable living environment and a proper diet. On November 17, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents during a routine ICE check in. *See id*. ¶ 18.

**[Doc. 5-1 at 5].**

Petitioner seeks a temporary restraining order under Fed. R. Civ. P. 65(b)(1). Rule 65(b) provides:

"A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b).  Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public interest.  *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

For issuance of a TRO, Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint.  Fed. R. Civ. P. 65(b)(1)(A). Petitioner's current request for a TRO is not sworn or supported by an affidavit as

required by Rule 65(b)(1)(A). Petitioner's Petition **[Doc. 1]** is verified by his attorney as required by 28 U.S.C. § 2242.    **[Doc. 1 at 11]**. However, the Petition does not have any factual documentation relating to an asylum case.  Although Petitioner's Memorandum of Law contains conclusory allegations of irreparable harm, and lengthy legal argument, it contains no real factual support for those allegations. **[Doc. 5-1 at 5].** Further, although conclusively arguing irreparable injury, the motion does not allege any danger of ***immediate*** injury.  **[Doc. 5-1 at 9-10].** Instead, the motion speculates that, if he had not been taken into ICE custody, he would have had an opportunity to litigate his asylum case from outside detention.  **[Doc. 5-1 at 9]**.  This argument does not demonstrate immediate injury sufficient to support issuance of a TRO.

Absent a clear and unequivocal factual showing that Petitioner will suffer both immediate ***and*** irreparable injury, Petitioner's motion is insufficient to support issuance of a TRO by the Court.  *Lundgrin,* 619 F.2d at 63; *Kansas Health Care Ass'n,* 31 F.3d at 1543.  Because Petitioner has not made the threshold factual showing of immediate and irreparable harm, the Court will not reach the remaining rule 65(b) elements and will deny Petitioner's motion without.

IT IS ORDERED that Petitioner Min Li's Motion for a Temporary Restraining Order **[Doc. 5]** is DENIED.

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE